PEDRO GANDÍA-CÓRDOVA, Plaintiff and Appellant, *v.* JOHANN D. STUBBE, Defendant and Appellee.

No. 4283. Argued February 14, 1928.—Decided February 21, 1928.

714

*Juan B. Soto* for the appellant.   *Henry G. Molina* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the plaintiff from an order of the lower court fixing the amount of costs to be paid by him, and at the opening of the hearing on appeal the appellee moved for dismissal on the ground that no delivery had been made to him by the appellant of a copy of the transcript of the evidence as provided by Act No. 81 of June 26, 1919, page 674.

This case was before us once on an appeal taken by the defendant, now appellee, and a transcript of the evidence was then prepared by the stenographer. This court remanded the case for a new trial in which the same transcript of the evidence was submitted to the court and therefore the omission of the appellant pleaded as a ground for dismissal of the appeal is not prejudicial to the appellee, who admitted at the hearing that he knew the contents of the transcript of the evidence, thus complying with the purpose of the law in regard to that notification. For these reasons the motion to dismiss the appeal is overruled.

In the second appeal this court affirmed the judgment of the district court dismissing the complaint with costs (34 P.R.R. 820) and the victorious party submitted a memorandum of costs containing the following items: Clerk's fees, $5; attorney's fees, $10,000; for a transcript of the evidence in the first appeal, $175, and for internal revenue

stamps, $30, a total of $10,210. This memorandum of costs, minus the item of $5, was opposed by the plaintiff and after a hearing in which evidence was submitted the lower court fixed the attorney's fees at $2,000 and approved the other items making the total amount of the costs to be paid $2,210. This appeal was taken from that order and has been limited to the items of attorney's fees and the $175 for the transcript of the evidence; therefore the errors assigned refer to those two items, it being said as to the first that the lower court erred in allowing $2,000 as attorney's fees because in other more important suits related to the present case the attorney's fees were fixed at less than $1,000, which sum, in the opinion of the appellant, would be reasonable in the present case.

The fact that in other similar cases attorney's fees of $1,000 or less may have been allowed is not of itself a sufficient reason why we should reduce necessarily the amount fixed by the lower court as attorney's fees in this case, for each case must be governed by its concurrent circumstances. It appears from the evidence that the action was initiated by a very lengthy complaint, which was amended later, praying for the annulment of a deed executed by the parties to this suit on July 24, 1916, as the only partners of the firm of Gandía & Stubbe, for the dissolution and liquidation of that partnership and the distribution of the inventoried capital amounting to $154,120.55, it being alleged as grounds for its annulment that by reason of plaintiff Gandía's confidence in Stubbe and in his bookkeeper he made a cursory examination of the inventory of the partnership and of the deed; that sixty of the 250 shares of stock of the Porto Rico Fertilizer Co. included in the inventory as belonging to Gandía & Stubbe and worth $6,000 are the private property of the plaintiff; that the balance was altered by artful simulations of the defendant to the prejudice of the plaintiff; that by reason of the dissolution of the partnership there

appeared as balance of current account the sum of $37,771.21 when it should have been $66,983.98, thus misleading the plaintiff into approving the item of indebtedness on which he was not informed; that the defendant took advantage of that simulation to include as liabilities false debts amounting to $22,616.01, in payment of which partnership property was allotted to the defendant, prejudicing the plaintiff in the sum of $11,308; that there was a false entry of indebtedness to the banks of $154.88 when the partnership had a credit in them amounting to $6,685.21 which was withdrawn later without the knowledge of the plaintiff, prejudicing him in the sum of $3,342.60; that the firm of Gandía & Stubbe was made to appear in the deed as debtor in the sum of $10,090.05 in the dividend account of the Porto Rico Fertilizer Company controlled by the defendant, whereas there was on the contrary a balance in favor of Gandía & Stubbe amounting to $10,104.40 accruing to it as dividends, thus defrauding the plaintiff of $5,052.20, and that the Tras Miramar property allotted to defendant Stubbe was made to appear in the inventory as valued at $1,000 when its value was $12,104.86, prejudicing the plaintiff in the sum of $5,552.43. The complaint contains other and similar allegations, but the foregoing are sufficient for a determination of this appeal.

As the complaint was verified the defendant filed a verified answer to the specific allegations and as a defense alleged that the action of nullity set up in the complaint had been waived by the plaintiff in that he had performed acts which necessarily implied a voluntary waiver of that cause of nullity, and alleged certain facts in that connection in order to show the existence of another suit of the plaintiff to enforce compliance with the clauses of the aforesaid deed.

This case was decided against the defendant in the first trial. The judgment having been reversed and the case tried again, the aforesaid defense was sustained and affirmed on appeal. Although there was no evidence introduced at

either trial by the defendant, we think that the facts alleged in the action of nullity are of such importance and magnitude that there is justification for valuing at $2,000 the amount of attorney's fees allowed by the trial court.

As regards the item of $175 as fees paid to the stenographer for the transcript of the evidence introduced in the first trial, although it was erroneously stated by the lower court in its order appealed from herein that it had not been attacked by the plaintiff, yet we are of the opinion that it was necessary for the appellant because, although in the first appeal the judgment was reversed for failure to postpone the trial on motion of the defendant, if the decision had been otherwise the transcript would have been required for an examination of the evidence on appeal, and because in the second trial the evidence was introduced by means of that transcript. Finlay v. Fabián, 25 P.R.R. 45 and 48.

For the foregoing reasons the order appealed from should be affirmed.

Mr. Chief Justice Del Toro dissented.

DISSENTING OPINION OF MR. CHIEF JUSTICE DEL TORO.

I do not believe that the attorney's fees should be fixed at two thousand dollars. The appellant indicates as reasonable the sum of one thousand dollars and in my opinion he is right.

I base my opinion on a study of the facts of the case. They appear from the record and from the decisions of this court reported in 34 P.R.R. 820, and 29 P.R.R. 629. All the study had to be made, indeed, in other cases which were decided in favor of Gandía. This suit was decided simply on the doctrine of the election of remedies. The attorney did not attend the first trial and it did not become necessary to introduce evidence in the second because the evidence in the first was accepted as a basis.

Under these circumstances I repeat that the sum of two thousand dollars does not seem to me reasonable.